UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES WAYNE MILLER,                )
                                   )
            Plaintiff,             )
    vs.                            )      No. 4:08-cv-127-TWP-WGH
                                   )
FIDELITY NATIONAL PROPERTY AND     )
 CASUALTY INSURANCE COMPANY,       )
                                   )
            Defendant.             )

**Entry Discussing Motion for Summary Judgment**

This is an action by James Miller for breach of an insurance contract and related conduct. As used in this Entry, "Miller" refers to the plaintiff, "Fidelity" refers to the defendant, the Fidelity National Property and Casualty Insurance Company, and "SFIP" refers to a Standard Flood Insurance Policy.

Fidelity seeks resolution of Miller's claim through the Entry of summary judgment.

**I. Nature of Action and Claims**

Miller claims that Fidelity breached the SFIP related to damage to his home in Jeffersonville, Indiana caused by heavy rainfall and/or surface water from a flooded creek on July 13, 2006, and again on September 22, 2006.[1]

**II. Summary Judgment Standard**

"The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut,

---

[1] It is possible to understand Miller's very brief complaint to assert other claims or seek relief other than for breach of contract, but Fidelity is correct that any such additional claim is a non-starter.

but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. Rule 56(c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney,* 526 F.3d at 1104 (citing cases). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Id.* at 1104 (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

"In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney,* 526 F.3d at 1104 (internal citations omitted). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## II. Material Facts

The following statement of undisputed material facts is evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Miller as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson*

*Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000). This statement of undisputed material facts, moreover, is drawn from the materials which are properly presented and which comply with the evidentiary standard of Rule 56(e) of *the Federal Rules of Civil Procedure. Patterson v. Indiana Newspapers, Inc.,* 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions. . . .").[2]

Construing the evidentiary record in the manner most favorable to Miller as the non-movant, the material facts are the following:

! Miller's SFIP issued through Fidelity ("the SFIP") is No. 13 000958593505 and provides specified coverage for Miller's property located at 2407 Bishop Rd., Jeffersonville, Indiana. The SFIP had Dwelling coverage in the amount of $103,500.00 and no Contents coverage with a $5,000.00 deductible.

! The SFIP provides limited coverage under the SFIP for property with a basement. The limitation is found at Article III(A)(8) of the SFIP. A "basement" as that term is used in the SFIP is defined as: "Any area of the building, including any sunken room or sunken portion of a room, having its floor below ground level (subgrade) on all sides."

! Miller's residence was damaged by surface water from a flooded creek or accumulated rainwater on July 13, 2006, and again on September 22, 2006.

! Following the damage just referenced, Miller made claims for flood damage to Fidelity.

! Upon receipt of the flood loss claims, Fidelity commenced the process of adjusting the claims.

! Following the first such claim, Fidelity dispatched independent adjuster Danny Branham. Branham inspected the property on July 19, 2006, at which time he found that water had come through the damaged garage door and had flooded the basement, measuring up to two feet in the basement. Branham further determined that the lower level of the house was sub-grade on all sides and therefore was a

---

[2]Local Rule 56.1 requires a party opposing summary judgment to file a *Statement of Material Facts in Dispute.* The *Statement* should identify the potentially determinative facts and factual disputes which the plaintiff contends demonstrate that there is a dispute of fact precluding summary judgment. The factual assertions must be supported by appropriate citations to the record and evidence submitted with the brief.
   Miller filed his own motion for summary judgment, which the court treats as his response to Fidelity's motion. Even so, however, Miller has not filed a *Statement of Material Facts in Dispute.* Miller has not submitted any admissible evidence supporting his position or opposing that of Fidelity. His narrative account in these circumstances can do nothing beyond elucidating the issues. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted.").

"basement" as defined under the SFIP.

! Following the second such claim, adjuster Thomas Barrett Sr. Was dispatched and on or around October 3, 2006, inspected the property. This inspection revealed that the damage had not been repaired from the prior flood in July and that the covered damage was less than the deductible.

! After the inspections, the allowances under the SFIP and applying depreciation and the deductible, both adjusters found no payment under the SFIP was due to Miller for either flood event.

! Miller did not submit a timely sworn Proof of Loss ("POL") to Fidelity as required by Article VII(J)(4) of the SFIP, but did submit such a document in August of 2009.

## IV. Discussion

The SFIP was a contract between Miller and Fidelity and this lawsuit is based on Fidelity's alleged breach of that contract.

In Indiana "[t]he essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Fairfield Dev., Inc. v. Georgetown Woods Senior Apartments Ltd. P'ship*, 768 N.E.2d 463, 473 (Ind. Ct. App. 2002).

Here, the existence of the SFIP is undisputed. Fidelity disputes the second factor through its argument that Miller is not entitled to recover under the SFIP based on the flood events. Fidelity has supported this argument by establishing that (a) the damage suffered to the residence is not covered by that policy, and (b) even if the damage was covered under the policy, Miller failed to present Fidelity with a timely POL.

! The first proposition is established by the fact that the residence had a basement. The parties were free to enter into the SFIP with the definition of "basement" in that document and the parties did so. Whether the area of the home Fidelity found to be a basement as that term is defined in the SFIP could be described in other ways in other contexts is not controlling. Miller's property had a "basement" for purposes of determining or limiting Fidelity's duty to pay in the event of water damage. Miller has not disputed that his claims were properly adjusted by Fidelity when the basement attribute is applied, as it properly was.

! Fidelity argues that Miller failed to present Fidelity with a POL within 60 days after the loss as required by Article VII(J)(4) of the SFIP. Miller's failure to timely submit a POL is undisputed. His submission of POL occurred in August of 2009–years after the events constituting the damage to his property and his loss. Even when he did so, moreover, he failed to submit documentation of the damage he claimed.

From the foregoing, Fidelity has established that there was limited coverage based on the loss events, that Miller's claims were properly adjusted, and that Miller failed to perform his obligations (such as submitting the POL) under the SFIP to be entitled to recover. In these circumstances, there was no breach of contract by Fidelity. No reasonable adjudicator could conclude otherwise.

### V. Conclusion

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). As explained herein, Miller has not come forward with evidence that there is a genuine issue of material fact for trial. Accordingly, Fidelity's motion for summary judgment (dkt 22) must be **granted**. Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

Date: 07/12/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana